**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MIKE FLORA, | ) |
| | ) CASE NO. 1:07-CV-01477 |
| Petitioner, | ) |
| | ) JUDGE SARA LIOI |
| v. | ) |
| | ) MAGISTRATE JUDGE GREG WHITE |
| MICHAEL SHEETS, Warden, | ) |
| | ) **REPORT & RECOMMENDATION** |
| Respondent. | ) |

Petitioner, Mike Flora, ("Flora"), challenges the constitutionality of his conviction in the case of *State v. Flora*, Cuyahoga County Case No. CR 227725.  Flora, *pro se*, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on May 21, 2007 with the United States District Court for the Northern District of Ohio.  This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.  For reasons set forth in detail below, it is recommended that Flora's petition (Doc. No. 1) be DENIED.

# I. Procedural History

**A.    Conviction**

On May 17, 1988, the Cuyahoga County Grand Jury returned an indictment charging Flora with the following: one count of aggravated murder in violation of Ohio Revised Code ("O.R.C.") § 2903.01 together with felony murder, gun, and aggravated felony specifications; one count of attempted kidnapping in violation of O.R.C. §§ 2905.01 and 2923.02 together with gun and aggravated felony specifications; and one count of having a weapon while under disability in violation of O.R.C. § 2923.13 together with gun and prior offense of violence specifications.  (Doc. No. 13, Exh. 1.)

Flora pled not guilty to all charges in the indictment.  A jury found Flora guilty of aggravated murder and the felony murder and gun specifications, guilty of attempted kidnapping and the gun specification, and guilty of having a weapon while under disability and the gun specification.  (Doc. No. 13, Exh. 2.)  In a separate proceeding, "the trial court found [Flora] guilty of the aggravated felony specifications regarding counts one and two, and the violence specification in count three."  *State of Ohio v. Flora*, 2006-Ohio-5732, 2006 Ohio App. LEXIS 5730 at ¶5 (Ohio Ct. App. 2006).  On October 25, 1989, the trial court sentenced Flora to life imprisonment with parole eligibility after thirty years plus three years imprisonment for the gun specification on Count I, eight to ten years imprisonment on Count II, and one and a half to three years imprisonment on Count III.  (Doc. No. 13, Exh. 2.)  The sentences were ordered to run consecutively.  *Id.*

**B.    Direct Appeal**

Flora, represented by his trial counsel Harvey Starkoff, filed a timely appeal with the

2

Eighth District Court of Appeals ("state appellate court"). Flora raised the following assignments of error: (1) the trial court erred by failing to conduct an *in camera* inspection of the grand jury transcripts; and (2) the trial court erred by accepting the jury's verdict that Flora was guilty of aggravated murder when the jury had first "returned" a verdict of guilty for the lesser included offense of murder. (Doc. No. 13, Exh. 3.) On June 20, 1991, the state appellate court affirmed the judgment of the trial court. (Doc. No. 13, Exh. 5.)

On August 14, 1991, Flora appealed his conviction to the Ohio Supreme Court. (Doc. No. 13, Exh. 6.) On November 13, 1991, the Ohio Supreme Court dismissed Flora's appeal *sua sponte*. *Id*.

**C.     Petition for Post-Conviction Relief**

On April 27, 1992, Flora, *pro se*, filed a petition for post-conviction relief pursuant to O.R.C. § 2953.21. (Doc. No. 13, Exh. 7.) Flora alleged that: (1) trial counsel was ineffective; and (2) the trial court erred by assigning trial counsel to serve as his appellate counsel. *Id*. On May 1, 1992, Flora submitted an additional ground for relief: (3) the trial court erred by giving the jury additional instructions after jury deliberations had already commenced. (Doc. No. 13, Exh. 8.)

On July 16, 1992, the Cuyahoga County Court of Common Pleas denied Flora's petition and made the following findings: Flora had failed to demonstrate that the outcome of his trial was affected by trial counsel's allegedly deficient representation; Flora's trial counsel was appointed as appellate counsel at Flora's request; and Flora's claimed error involving jury instructions should have been raised on direct appeal and was barred by *res judicata*. (Doc. 13, Exh. 10.)

On September 15, 1992, Flora filed a motion for delayed reconsideration with the state appellate court. (Doc. No. 13, Exh. 11.) On September 21, the state appellate court denied Flora's motion without opinion. (Doc. No. 13, Exh. 12.) On October 2, 1992, Flora filed a "Motion In Objection To Dismissal" challenging the dismissal of his motion for delayed reconsideration. (Doc. No. 13, Exh. 13.) The motion bears a handwritten notation indicating that it was denied on October 9th. *Id.*

On November 4, 1992, Flora filed a Notice of Appeal with the Ohio Supreme Court. (Doc. No. 13, Exh. 14.) On January 27, 1993, the Court dismissed the appeal *sua sponte*. *Id.*

**D.     State Habeas Corpus Petitions**

On May 1, 1992, Flora filed a petition for a writ of habeas corpus with the Cuyahoga County Court of Common Pleas. (Doc. No. 13, Exh. 15.) On May 8, 1992, Flora's petition was dismissed without opinion. (Doc. No. 13, exh. 17.)

On February 23, 1993, Flora filed a petition for a writ of Habeas Corpus with the Third District Court of Appeals. (Doc. No. 13, Exh. 18.) On March 1, 1993, the Third District Court of Appeals dismissed Flora's petition, ruling that a habeas petition is not a substitute for an appeal. (Doc. No. 13, Exh. 19.)

On March 25, 1993, Flora filed an appeal with the Ohio Supreme Court. (Doc. No. 13, Exh. 20.) On October 13, 1993, the Ohio Supreme Court affirmed the decision of the Third District Court of Appeals and commanded it to execute the judgment against Flora without delay. (Doc. No. 13, Exh. 22.)

**E.     Other State Court Filings**

Between March 5, 1993 and December 13, 2006, Flora filed numerous motions and

4

petitions with various state courts unsuccessfully challenging his convictions. This activity culminated with the trial court dismissing Flora's long pending petition for post-conviction relief on December 6, 2005, followed by unsuccessful appeals to the state appellate court and the Ohio Supreme Court. (Doc. No. 13, Exhs. 25-69.)

**F.     Federal Habeas Petition**

On May 21, 2007, Flora, *pro se*, filed a Petition for Writ of Habeas Corpus, asserting the following ground for relief:

> GROUND ONE: The Petitioner was denied effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

(Doc. No. 1.)

## II. Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *see also House v. Bell,* 283 F.3d 37 (6th Cir. 2002). The state appellate court summarized the facts underlying Flora's conviction as follows:

> Defendant-appellant Mike Flora ("appellant") appeals his convictions of aggravated murder ( R.C. 2903.01) with felony murder and gun specifications, attempted kidnapping ( R.C. 2923.02 and 2905.01) with a gun specification, and having a weapon while under disability ( R.C. 2923.13) with a gun specification. A first series of indictments was issued in Case Number 227,212, which case was dismissed without prejudice. A second series was issued which was identical to the first set but included a specification for the death penalty. Appellant was sentenced to a term of life.
>
> The facts which gave rise to this appeal are as follows: The victim, Maudine Bell ("victim") and her cousin, Iris Gomez ("Gomez") were walking on Storer Avenue in the city of Cleveland at approximately 11:30 p.m. A van drove passed [sic] the women. The occupants in the van were appellant, appellant's step-son, Charles

> East ("East"), and Charles and Alan Hughes. As the van drove passed [sic] the victim and Gomez, appellant yelled obscenities to the women and Gomez retorted. Appellant then ordered the driver, East, to back the van up towards the women.
>
> Appellant exited the van upon carrying a gun. He attacked Gomez and pulled her by her hair towards the van threatening to kill her. The victim, while attempting to aid Gomez, was fatally shot in the chest by appellant during a struggle. Appellant, after killing the victim, entered the van and drove away.
>
> Gomez positively identified appellant from a photograph and line-up procedure.

*State v. Flora*, 1991 Ohio App. LEXIS 3078 at \*\*1-2 (Ohio Ct. App. 1991).

### III. Review on the Merits[1]

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, because Flora filed his habeas petition after the effective date of the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] In his original Answer, Respondent did not address the statute of limitations issue despite the significant age of this matter. Therefore, the Court ordered Respondent to file either: (1) a statement expressly indicating that the state has deliberately waived the statute of limitations defense; or (2) an amendment to Respondent's Answer that briefs the issue of whether the statute of limitations has expired. (Doc. No. 16.) Although Respondent filed an Amended Answer indicating that he was not *waiving* the statute of limitations defense, it is Respondent's position that Flora's petition is timely. (Doc. No. 17.) Therefore, this Court is considering the petition on its merits.

6

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings of the United States Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir.2005). However, an explicit statement by the Supreme Court is not mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law." *Ruimveld*, 404 F.3d at 1010, *quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir.2002).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413. By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law. *Id.* at 410-12. "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th 2006), *citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

A.      **Ground One: Ineffective Assistance of Trial Counsel**

Flora claims that he was denied the effective assistance of trial counsel because his counsel: (1) failed to object to the indictment; (2) failed to object to a jury instruction for rape where rape was not charged; (3) failed to object to the jury's continued deliberations on the aggravated murder charge after the jury agreed Flora was guilty of the lesser included offense of murder; and (4) failed to keep Flora apprised of developments.  (Doc. No. 1.)

To establish ineffective assistance of counsel, a petitioner must demonstrate that his counsel's conduct was so below acceptable standards of representation that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *See Strickland v. Washington,* 466 U.S. 668 (1984); *United States v. Bavers*, 787 F.2d 1022 (6th Cir. 1985).  A petitioner also must demonstrate that a trial counsel's performance prejudiced the petitioner's defense to such an extent that it rendered the proceeding unfair.  *Id*.  To establish prejudice, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  In other words, a counsel's deficient performance must have "caused the defendant to lose what he otherwise would probably have won" and it must have been "so manifestly ineffective that defeat was snatched from the hands of probable victory."  *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

"[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Strickland*, 466 U.S. at 690.  Mere disagreements by a defendant with tactics or strategies employed by counsel are not enough to support a claim of ineffective assistance of counsel and there is a presumption that

8

the challenged conduct of a petitioner's counsel was a matter of strategy. *Id*. at 689; *see also United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

### 1. Indictment

Flora argues that his trial counsel was ineffective for failing to attack the sufficiency of the indictment on the grounds that it was vague with respect to the attempted kidnapping charge. (Doc. No. 14 at 4-7.)  Specifically, Flora argues that neither the indictment nor the bill of particulars mention rape.  *Id*.  The indictment charged Flora with attempted kidnapping and reads in relevant part as follows: "[Flora], unlawfully and purposely and by force, threat or deception attempted to remove Iris Gomez from the place where she was found or restrained her of her liberty for the purpose of facilitating the commission of a felony or the flight thereafter and released the victim in a safe place unharmed." (Doc. No. 13, Exh. 1.)

As this Court understands Flora's argument, he believes the indictment was insufficient because it did not specify that rape was the felony that the attempted kidnapping was intended to facilitate.  If Flora was convicted of a charge that was not made, it would constitute a "sheer denial of due process." *De Jonge v. Oregon*, 299 U.S. 353, 362 (1937).  However, as the state appellate court accurately noted, Flora was neither tried nor convicted of rape.  (Doc. No. 13, Exh. 59 at ¶31.)  Rather, the question before the Court is whether the failure of Flora's trial counsel to object to the attempted kidnapping charge in the indictment prejudiced Flora to such an extent that it rendered his trial unfair *and* that there was a reasonable probability that the outcome of his trial would have been different.  Trial counsel's failure to object to the indictment, however, cannot reasonably have affected the outcome of the trial unless the indictment was constitutionally defective.

9

First, it is well settled that the federal guarantee of a grand jury indictment does not apply to the states. *See, e.g., Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984), *citing Branzburg v. Hayes*, 408 U.S. 665 (1972); *accord Riffel v. Erwin*, 2005 U.S. Dist. LEXIS 11666 (S.D. Ohio 2005). In addition, "the Constitution does not require any particular state indictment rule ... [or] an indictment at all if sufficient notice of the charges is given in some other manner." *Id.*, *citing Combs v. Tennessee*, 530 F.2d 695 (6th Cir.) *cert. denied*, 425 U.S. 954 (1976). Nevertheless, the due process clause of the Fourteenth Amendment requires that a state must give a criminal defendant "fair notice" of the charges against him to permit adequate preparation of his defense. *See Williams v. Haviland*, 467 F.3d 527, 535 (6th Cir. 2006), *Koontz*, 731 F.2d at 369; *Blake v. Morford*, 563 F.2d 248 (6th Cir. 1977). The fair notice requirement is met when a charged offense "[is] described with some precision and certainty so as to apprise the accused of the crime with which he stands charged." *Id*. "To pass constitutional muster, an indictment must meet a two-prong test: first, the indictment must set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces; second, the indictment must be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts." *United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992).

The state appellate court found that the indictment "adequately recited the language of R.C. 2905.01 and 2923.02, regarding attempted kidnapping" and that Flora's counsel, therefore, did not err by failing to object to the indictment. (Doc. No. 13, Exh. 59 at ¶29.) The state appellate court explained that as long as an indictment is otherwise sufficient, "there is no requirement that the indictment must specify the underlying felony supporting a kidnapping

10

conviction." *Id*. The United States Supreme Court has held as follows:

> It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *United States v. Carll*, 105 U.S. 611, 612 (1882). "Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *United States v. Hess*, 124 U.S. 483, 487 (1888).

*Hamling v. United States*, 418 U.S. 87, 117-118 (1974); *accord United States v. McAuliffe*, 490 F.3d 526, 530 (6th Cir. 2007); *United States v. Jackson*, 327 F.3d 273, 290 (4th Cir. 2003).

The charge of attempted kidnapping, as stated in the indictment, recites the language of Ohio's kidnapping and attempt statutes, states the name of the person whom Flora was convicted of attempting to kidnap, and the date on which the crime occurred. *See* O.R.C. §§ 2905.01 & 2923.02. Thus, the indictment provided sufficient notice. While the indictment does not specify the felony Flora was attempting to facilitate, this Court has found no clearly established federal law that would require the State to do so.[2] In a similar matter, the Sixth Circuit found that a petitioner, who had been indicted for kidnapping in Ohio, did not state a constitutional claim merely because the indictment failed to specify which theory of kidnapping the state intended to prove. *See Roe v. Baker*, 316 F.3d 557, 569-570 (6th Cir. 2002).[3] The Sixth Circuit noted that the indictment gave petitioner "notice of the kidnaping charge against him and

---

[2] The Court also reviewed the bill of particulars. However, the bill of particulars, like the indictment, did not specify the felony that was facilitated by the attempted kidnapping. (Doc. No. 15, Exh. 70.)

[3] In *Roe*, the petitioner claimed that "the failure of the trial court to force the government to elect a specific theory denied him proper notice of the charges against him, violating his due process rights and fundamental fairness." *Id*.

11

both alternative theories of the kidnaping" and that the court did not need to proceed further, as "[b]eyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review." *Id.*, *citing Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986).

In addition, the indictment allowed Flora to adequately prepare a defense.  After a thorough review of the trial transcript, it is clear that the defense's theory of the case was that: (1) Flora and three others were traveling in a van when they drove past Gomez and the victim, whom Flora had encountered hitch-hiking a few months prior; (2) the van stopped and Flora departed the vehicle to speak with Gomez when, at most, a scuffle ensued, and (3) Flora thereafter returned to the van, which drove away leaving the two women unharmed.  (*See Trial Transcripts*, Doc. No. 13.)  Because Flora essentially defended the case by categorically denying that any attempted kidnapping or homicide transpired, Flora was not prejudiced by the omission of rape as the "felony" being facilitated as this would not have had any reasonable impact on his defense theory.  Flora's argument that he would have taken a rape charge into account when considering a plea is without merit as he was not charged with rape.  (Doc. No. 1 at 11.)  Also, Flora exhibited outright hostility towards consideration of a plea bargain despite facing an aggravated murder charge.  At one point Flora sought to dismiss his counsel during trial because he was "disturbed by the fact that [his counsel] had discussed plea bargaining with him."  (Tr. 754.)  Furthermore, Flora's decision whether to accept a plea agreement is wholly unrelated to the issue of whether the indictment provided the fair notice necessary to defend against the charges of which he was accused.

Therefore, Flora's argument that his trial counsel was ineffective for failing to attack the sufficiency of the indictment is without merit.

### 2. Jury Instructions

Flora also argues that his trial counsel was ineffective for failing to object to the trial court's jury instruction concerning rape. (Doc. No. 1 at 12.) Specifically, Flora argues that his trial counsel should have objected to "the trial [c]ourt adding rape to the indictment and giving further instructions on the element's [sic] of rape." *Id*. Flora again mistakenly believes that he was charged with and convicted of rape. Ohio's kidnapping statute, however, does not require the state to prove that the felony the kidnapping was intended to facilitate was completed. Rather the state only had to prove that Flora attempted to remove Gomez from the place where she was found for the *purpose* of committing a felony. *See, e.g., State v. Hartman*, 93 Ohio St. 3d 274, 290, 754 N.E.2d 1150 (Ohio 2001); *State v. Morales*, 32 Ohio St. 3d 252, 257, 513 N.E.2d 267 (Ohio 1987). In one case, an Ohio appellate court has found that "the clear language of R.C. 2905.01, kidnapping, in this case, only requires the purpose to commit a felony or to engage in sexual activity. Whether or not the felony or sexual activity actually took place is irrelevant to the charge." *State v. Colegrove*, 123 Ohio App. 3d 565, 568, 704 N.E.2d 645 (Ohio Ct. App. 1998).

The facts of the matter are as follows. At the close of the prosecution's case, defense counsel moved for a judgment of acquittal, pursuant to Ohio Criminal Rule 29 ("Crim. R. 29"), with respect to the attempted kidnapping charge.[4] (Tr. 831.) Trial counsel argued that there was insufficient evidence that Flora restrained or attempted to restrain the liberty of Gomez and, therefore, no attempted kidnapping occurred. (Tr. Tr. 832-33.) He further argued that there was

---

[4] Under Crim. R. 29, a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."

13

insufficient evidence to find that Flora was attempting to kidnap Gomez for the purpose of facilitating the commission of a felony. (Tr. 839-40.) The trial court denied Flora's Crim. R. 29 motion. (Tr. 840.) The trial court noted that there was sufficient evidence to support a finding that Flora was attempting to kidnap Gomez in order to facilitate the commission of a rape. (Tr. 841.) At the close of all the evidence, defense counsel renewed his motion for a judgment of acquittal, which the court denied for the same reasons. (Tr. 869.)

In its initial jury instructions with respect to the attempted kidnapping charge, the trial court did not identify the underlying felony facilitated by the attempted kidnapping. (Tr. 990.) After the instructions were given, the trial judge inquired whether there were any objections. (Tr. 1001.) Defense counsel raised several objections, including the trial court's failure "to define the essential element of facilitating the commission of a felony." (Tr. 1001-02.) Trial counsel explained that he was concerned the jury would become confused and "think that [Flora] committed the kidnapping to facilitate the crime of murder" instead of rape. (Tr. 1004.) The trial judge insisted that the matter had been discussed in chambers and both the prosecution and defense agreed that the felony should remain "open-ended," while the trial judge believed it was appropriate to identify rape as the felony being facilitated. (Tr. 1004-05.) Defense counsel then withdrew his objection. (Tr. 1005.)

During deliberations, the jury asked the trial court whether the "felony" under the definition of attempted kidnapping constituted kidnapping or any felony. (Tr. 1017.) At that point, both parties agreed to an instruction that identified the underlying felony as rape and to an instruction setting forth the elements of rape. (Tr. 1017-18.) Flora argues that his trial counsel, rather than agree to this instruction, should have objected to the instruction.

14

Flora has not rebutted the presumption that his trial counsel provided adequate legal assistance.  First, the Commentary to the Ohio Jury Instructions concerning kidnapping states that the jury instructions "must cover the elements of the felony offense together with the meaning of the words and phrases" such as facilitating, which is defined as "helping, promoting, assisting or aiding."  4-505 OJI 505.01(A).  Although the parties apparently agreed to leave the felony offense undefined, an agreement that defense counsel appears to have had second thoughts about, the trial court's instruction on the elements of rape as the underlying felony was proper by the standards set forth in the Ohio Jury Instructions.  Thus, the only reasonable basis for defense counsel to object to the jury instruction was that there was insufficient evidence of an intent to rape or an intent facilitate any other underlying felony.  Defense counsel, however, *twice* moved to dismiss the attempted kidnapping charge as unsupported by sufficient evidence pursuant to Crim R. 29.  Both motions were denied by the trial court.  Under these circumstances, defense counsel was not constitutionally defective for essentially failing to raise the same issue for a *third* time after twice having been overruled.  In fact, the state appellate court also found that the jury instruction was consistent with the evidence and testimony admitted at trial.  *Flora*, 2006-Ohio-5732 at ¶31.

Defense counsel initially objected to the jury instructions as given by the trial court because the felony that was being facilitated was not identified.  The record clearly indicates that trial counsel, even before jury deliberations, worried that the jury would be confused and find that murder was the underlying felony supporting the attempted kidnapping charge.  Only after the jury posed an inquiry concerning the felony underlying the attempted kidnapping charge did trial counsel agree to a jury instruction identifying rape as the felony.  Because the

15

testimony of record concerning rape was fairly sparse, it was not unreasonable for trial counsel, as part of his strategy, to believe that a conviction was less likely on the attempted kidnapping charge if the underlying felony was identified as rape rather than remain undefined.  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable ...." *Strickland*, 466 U.S. at 695.  In fact, in his traverse, Flora himself argues that there was "no real evidence as to a rape." (Doc. No. 14 at 11.)  Defense counsel's decisions concerning whether to identify the underlying felony, in this case, constitutes a strategic decision that this Court declines to second-guess.

Furthermore, Flora cannot show any prejudice, as the trial court, which had previously denied defense counsel's Crim. R. 29 motions, was unlikely to sustain an objection to the jury instruction on rape based on sufficiency grounds, especially where the instruction complied with recommended Ohio Jury Instructions.  Given the above facts, it is grossly improbable that defense counsel's failure to proffer an objection on this issue caused Flora "to lose what he otherwise would probably have won," namely that he would have been found not guilty of attempted kidnapping.  *See United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Therefore, Flora's argument that his trial counsel was ineffective for failing to object to the jury instructions defining rape is without merit.

### 3. Jury Deliberations On Aggravated Murder

Flora claims that he was denied the effective assistance of trial counsel because his counsel failed to object to the jury's continued deliberations on the aggravated murder charge after the jury had agreed that Flora was guilty of the lesser included offense of murder.  (Doc. No. 1.)

The trial transcript reveals that after jury deliberations began, the jury posed the following question to the trial court: "Your Honor, the jury has reached a verdict on 'lesser and included offense of murder under Count One.' The jury would like to know if we can go back to Count One, aggravated murder, for additional deliberation." (Tr. 1022.) After consulting with the prosecution and trial counsel, the trial court furnished the following agreed upon response: "Yes, you may deliberate further on Count One. A, quote-unquote, 'verdict' is not in actuality a verdict until it is announced and accepted in open court." *Id*. After further deliberation, the jury found Flora guilty of aggravated murder instead of the lesser included offense of murder.

Flora contends that his trial counsel should have objected to continued deliberations and requested that the jury "be brought into open court for the reading/answers of the jury's questions ...." (Doc. No. 1 at 14.) The state appellate court found no error resulted from trial counsel's failure to object. (Doc. No. 13, Exh. 59 at ¶¶33-34.) Flora has not identified any legal basis that would have supported trial counsel's effort to halt deliberations and read a verdict before the jury reached a unanimous decision. "Being officers of the court, members of the bar are bound 'not to clog the courts with frivolous motions or appeals.'" *Smith v. Robbins*, 528 U.S. 259, 294 (2000), *citing Polk County v. Dodson*, 454 U.S. 312, 323 (1981). As a result, it would be anomalous to find that counsel was ineffective for failing to make an objection that lacked any legal basis.

Therefore, Flora's argument that his trial counsel was ineffective for failing to object to continued jury deliberations is without merit.

17

### 4. Failure to Keep Flora Apprised

Finally, Flora claims that he was denied the effective assistance of trial counsel because counsel failed to keep Flora apprised of case developments. (Doc. No. 1.) Flora alleges that trial counsel should have informed him of the amendment to the indictment adding the rape charge, the jury instruction concerning the elements of rape, and the fact that the jury had agreed Flora was guilty of the lesser included offense murder before rendering a verdict of guilty as to aggravated murder. *Id*. This claim merely rehashes the aforementioned conduct of trial counsel, which did not result in ineffective assistance. Assuming *arguendo* that trial counsel's conduct was deficient in some manner, Flora has failed to demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Flora's allegation that he would have re-evaluated the prosecution's plea offer had he been properly informed at all times is insufficient to demonstrate prejudice. In fact, as the allegedly deficient conduct occurred during trial and jury deliberations, Flora cannot be reasonably certain that the prosecution would have been willing to accept a plea at such a late stage of the proceedings.

Therefore, Flora's argument that he was denied the effective assistance of trial counsel because counsel failed to keep him apprised of case developments lacks merit.

### IV. Conclusion

For the foregoing reasons, it is recommended that Flora's Petition for a Writ of Habeas Corpus (Doc. No. 1) be DENIED.

/s/ *Greg White*
U.S. Magistrate Judge

Date: April 22, 2008

**OBJECTIONS**

　　Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).**  *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**