UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MIKE FLORA, | ) | CASE NO. 1:07 CV 1477 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL SHEETS, | ) | |
| | ) | **MEMORANDUM OPINION** |
| RESPONDENT. | ) | |
| | ) | |

This action is before the Court upon the Report and Recommendation of Magistrate Judge Greg White (Doc. No. 18). Petitioner Mike Flora has filed objections to the Report. (Doc. No. 22).[1]

## I. BACKGROUND

The course of proceedings in the state court are set forth in the Magistrate Judge's Report and have not been opposed by the petitioner. The Court sees no need to repeat that procedural history herein.

In the instant case, filed on May 21, 2007, petitioner seeks a writ of habeas corpus on a single ground, namely, that he was denied effective assistance of trial counsel in violation of the sixth and fourteenth amendments to the U.S. Constitution. He identifies four specific errors allegedly made by his trial counsel: (1) failure to object to the indictment; (2) failure to object to certain jury instructions; (3) failure to object to continued jury deliberations on an aggravated murder charge; and (4) failure to keep him apprised of developments in the case.

---

[1] Respondent did not file anything with respect to the Report and Recommendation or petitioner's objections.

1

In his Report, Magistrate Judge White rejected all of petitioner's arguments and recommended denial of the petition for writ of habeas corpus. For the reasons discussed below, Judge White's Report and Recommendation is accepted and the petition for writ of habeas corpus (Doc. No. 1) is **DENIED**.

## II.  STANDARD OF REVIEW

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."  *See also* Fed. R. Civ. P. 72(b)(3) (the court must review *de novo* any part of the Report and Recommendation which has been properly objected to by the petitioner).

With respect to challenges to the determinations made by the appellate state courts, this Court has a very limited scope of review. In the Antiterrorism and Effective Death Penalty Act of 1996, Congress enacted a rebuttable presumption that a federal court may not grant habeas relief from a state court conviction if the last state court adjudicated "on the merits" the same federal law question that is presented to the federal court. 28 U.S.C. § 2254(d). Congress further created two exceptions to that bar. Specifically, a federal court may grant habeas relief where the state court adjudication is either "contrary to" or "involved an unreasonable application of" settled federal law, as decided by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).  Where a ruling in state court is "on the merits," this Court must give "deference to the state court."  *McKenzie v. Smith*, 326 F.3d 721, 726 (6th Cir. 2003).

### III. DISCUSSION

Petitioner raises four objections to the Report and Recommendation, each of which will be discussed below.

### A. Failure to Object to the Indictment

Petitioner asserts that his trial counsel provided ineffective assistance when he failed to object to the indictment on the ground that it was vague with respect to the nature of the felony underlying the attempted kidnapping charge.

The Magistrate Judge correctly pointed out that the issue before this Court is whether trial counsel's failure to challenge the attempted kidnapping charge in the indictment rendered petitioner's trial unfair *and* that there was a reasonable probability that the outcome of his trial would have been different had counsel challenged the indictment.

To evaluate whether trial counsel's performance was ineffective, this Court must determine whether there was anything about the indictment that was worthy of challenge, such that failure to do so could constitute ineffective assistance of counsel. Surely, counsel's failure to challenge an indictment that is *sufficient* cannot be considered ineffective assistance of counsel.

The Supreme Court has held as follows:

> It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *United States v. Carll*, 105 U.S. 611, 612 (1882). "Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *United States v. Hess*, 124 U.S. 483, 487 (1888).

*Hamling v. United States*, 418 U.S. 87, 117-118 (1974).

Here, the indictment charged petitioner with attempted kidnapping as follows: "[Flora], unlawfully and purposely and by force, threat or deception attempted to remove Iris Gomez from the place where she was found or restrained her of her liberty for the purpose of facilitating the commission of a felony or the flight thereafter and released the victim in a safe place unharmed." This charge recites the language of Ohio's kidnapping statute (O.R.C. § 2905.01) and attempt statute (O.R.C. § 2923.02) and states the name of the person whom petitioner was attempting to kidnap; in addition, the date of the charged crime was noted in the block at the top of the indictment form. Therefore, the indictment provided sufficient notice of the charge to pass constitutional muster. *Cole v. State of Arkansas*, 333 U.S. 196, 201 (1948) ("[n]o principle of procedural due process is more clearly established than [. . . ] notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge").

Even though the indictment did not specify the felony petitioner was attempting to facilitate by way of the kidnapping, this Court has found no clearly established Federal law that would require the State of Ohio to do so and petitioner has pointed to none. "Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review." *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002) (*citing Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986).) Petitioner cannot say that he did not have notice of the attempted kidnapping charge nor that he was unable to properly defend himself against that charge because the indictment failed to identify the felony underlying the charge.

Accordingly, the Court rejects petitioner's objection.

4

**B.      Failure to Object to the Jury Instruction Concerning Rape as the Underlying Felony**

During the trial, the initial jury instructions with respect to the attempted kidnapping charge did not identify the underlying felony. Defense counsel raised several objections at sidebar, including the trial court's failure to define "the essential element of facilitating the commission of a felony." (Tr. 1002.) He argued: "The commission of a felony while in the act of the kidnapping, the alleged act of the kidnapping was a felony of attempted rape, not the murder. In other words, I don't want the jury to be confused to think that he committed the kidnapping to facilitate the crime of murder. I'm talking it was a crime of rape." (Tr. 1003-04.) When the trial judge reminded counsel that, during a chambers discussion the day before, both the prosecution and the defense had insisted that the felony remain "open-ended," defense counsel withdrew his objection. Subsequently, during deliberations, the jury asked the following question: "Under the definition of 'attempted kidnapping,' the word 'felony,' does it mean any felony or does it mean kidnapping?" (Tr. 1017.) The trial judge responded that "the underlying felony alleged in the second count of the indictment, that being [. . .] attempted kidnapping, is rape." (Tr. 1017.) She then proceeded to define rape for the jury.

Petitioner argues that his trial counsel should have objected to the instruction regarding rape as the felony underlying the attempted kidnapping. It is his view that the instruction essentially amended the indictment and put him on trial for a crime with which he had not been charged. He further asserts that "it's reasonable to say that without the felony being amended to included [sic] rape that the trial jury would have found petitioner not guilty of attempted kidnapping and without the attempted kidnapping there was no felony murder for the jury to consider." (Doc. No. 22, at 11.)

5

The Court disagrees that the instruction on rape amended the indictment and put petitioner on trial for rape. Furthermore, instructing the jury that rape was the felony underlying the attempted kidnapping charge was consistent with the evidence at trial. Iris Gomez, the victim of the attempted kidnapping, testified that when petitioner got out of the van with a gun in his hand, grabbed her by her hair and pulled her toward the van, she believed she was going to be raped inside the van. (Tr. 667.)

Defense counsel twice moved to dismiss the attempted kidnapping charge as unsupported by sufficient evidence. Both times, the motion was denied. Therefore, where, as here, the evidence justified charging the jury that the underlying felony was rape, it was not constitutionally deficient to fail to raise the same objection a third time.

Finally, even if the Court were to find that counsel should have objected to the instruction on rape as the felony underlying the attempted kidnapping charge, petitioner cannot show "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "[T]he threshold issue is not whether [petitioner's] attorney was inadequate; rather it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Here, there were several witnesses to the crime, some of them bystanders and some of them passengers in the van petitioner jumped out of to commit the offenses. They all testified as to the events and the jury had plenty of evidence from which to determine that an attempted kidnapping had occurred. Petitioner simply cannot show that the result would have been different had counsel objected to the jury instructions.

Accordingly, the Court rejects petitioner's objection with respect to the jury instruction.

6

## C. Failure to Object to Deliberation on Aggravated Murder

During the trial, after jury deliberations began, the jury sent the following question to the trial judge: "Your Honor, the jury has reached a verdict on 'lesser and included offense of murder under Count One.' The jury would like to know if we can go back to Count One, aggravated murder, for additional deliberation." (Tr. 1022.) The trial judge consulted with counsel and then informed the jury that it could continue to deliberate because "[a], quote-unquote, 'verdict' is not in actuality a verdict until it is announced and accepted in open court." (Tr. 1022.) The jury subsequently found petitioner guilty of aggravated murder.

Petitioner argues that counsel's representation was ineffective because he failed to object to the continued deliberation which resulted in a conviction on the aggravated murder charge.

There is simply no merit in this argument. The trial court was absolutely correct that, until the jury's decision is read and accepted in open court, there is no true verdict. *See, e.g.*, *United States v. Love*, 597 F.2d 81, 85 (6th Cir. 1979) (quoting *United States v. Taylor*, 507 F.2d 166, 168 (5th Cir. 1975) for the proposition that a valid verdict is not reached "until deliberations are over, the result is announced in open court, and no dissent by a juror is registered."). Petitioner has pointed to no authority for his argument that, following the jury's question, it should have been brought into court to announce the "verdict" on the lesser included offense, thereby discontinuing deliberations on the aggravated murder charge.

Accordingly, the Court rejects petitioner's objection regarding jury deliberations on the aggravated murder charge.

**D.      Failure to Keep Petitioner Apprised of Developments in the Case**

This aspect of petitioner's ineffective assistance of counsel claim focuses on the fact that there were discussions in chambers between the trial judge and the lawyers during which petitioner was not present. The subject of these discussions were (1) jury questions, especially the question relating to whether the jury could continue deliberations on the aggravated murder charge, and (2) jury instructions, especially those relating to rape as the felony underlying the attempted kidnapping charge. Petitioner argues that he should have been present during these discussions so as to have the opportunity to voice his objections and concerns.

Petitioner purports to rely on his fundamental right to be present at all critical stages of the proceedings. *See, Kentucky v. Stincer*, 482 U.S. 730, 745 (1987) ("a defendant is guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure."). However, petitioner's actual argument with respect to this objection is no more than a rehash of his other arguments, which have been rejected by the Court.

Furthermore, although the magistrate judge does not address this fact in his Report, petitioner did not raise this argument on direct appeal. He raised it for the first time in his petition for post-conviction relief, *see* Doc. No. 13-3, at pp. 21-31, where it was rejected by the state court as barred by res judicata, *see*, Doc. No. 13-4, at p. 11. It is, technically, procedurally defaulted. *See*, *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law [. . .] not resolved on the merits in the state proceeding due to [petitioner's] failure to raise them there as required by state procedure.").

More importantly, petitioner is unable to show that the outcome of his trial would have been any different had his counsel objected to discussions in chambers outside his presence. His argument that he would have been willing to accept a plea had he been part of the discussions completely lacks merit, since the discussions he complains of occurred during the trial at a time when any offer of a plea was long since off the table.

Accordingly, this objection is rejected.

## CONCLUSION

The Court has reviewed the Report and Recommendation *de novo*, as well as the objections raised by the petitioner. The Court finds the Report and Recommendation to have been well-reasoned and factually correct. The Court also finds petitioner's objections to be without merit. Therefore, the Report and Recommendation is **ACCEPTED** and the petition for writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 31, 2008

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**